IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETROS KAPOTAS and** | : | |
| **PERSEFONI KAPOTAS, h/w** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action. No.: 2:24-cv-01995 |
| | : | |
| **CTP FUNDING, LLC** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

AND NOW, this 6th day of August, 2025, upon consideration of Plaintiff Peter Kapotas and Persefoni Kapotas's ("Plaintiffs') Motion for Reconsideration (Dkt. #34), Defendant CTP Funding, LLC's ("Defendant") opposition thereto (Dkt. #35), and oral argument regarding the same, it is hereby ORDERED that the Reconsideration Motion is GRANTED. It is FURTHER ORDERED that the Court's previous order granting summary judgment (Dkt. #32) is VACATED, and this Court has reconsidered the issuance of summary judgment in light of the arguments raised by Plaintiffs in their opposition brief.

Upon reconsideration of Defendant's Motion for Summary Judgment (Dkt. #29) and Plaintiff's reply thereto (Dkt. #33), it is hereby ORDERED that, for the reasons set forth in the opinion accompanying this Order, the Motion for Summary Judgment is GRANTED. It is FURTHER ORDERED that judgment is entered in favor of Defendant and against Plaintiff on all counts.[1]

The Clerk of Courts is directed to mark this matter CLOSED.

BY THE COURT:

_____
GAIL A. WEILHEIMER,        J.

---

[1] This case presents an unusual posture to this Court. The Court previously granted summary judgment based upon its analysis of the Joint Statement of Undisputed Facts (Dkt. #30) submitted by the parties and the arguments raised by Defendant in its brief in support of summary judgment *See* Dkt. #32. In so doing, this Court had no occasion to consider any legal argument from Plaintiffs, as they failed to file an opposition brief in the time permitted by the Local Rules of Civil Procedure. Fully aware that Plaintiffs need not make any argument at all at summary judgment, this Court properly considered the facts and arguments properly before it and determined there was no genuine issue of material facts which would preclude the entry of summary judgment.

Plaintiffs filed an opposition brief a little more than four hours after this Court's order granting summary judgment and closing the case. (Dkt. #33). The following week, Plaintiffs promptly moved this Court for reconsideration of the issuance of summary judgment. (Dkt. #34). Defendant opposed, arguing that reconsideration should not be granted, because this Court ruled correctly, in the first instance. (Dkt. #35). Typically, reconsideration is granted to reopen and reverse a ruling and is therefore not usually appropriate where the original decision was correct.

Defendant's legal position was correct, as this Court did not err in its ruling. But this Court will use its equitable powers and inherent authority to manage its docket to grant, in part, reconsideration, and vacate its pervious order. The Court has taken this course so as to avoid prejudicing Plaintiffs by not fully considering Plaintiffs' arguments, and to alleviate any legal risk Plaintiffs' counsel may have incurred in failing to timely file an opposition brief. Upon vacating the previous order, this Court then addressed the Summary Judgment Motion *de novo*, considering the legal arguments presented by Plaintiffs.

As is self-evident from the opinion, the Court has carefully addressed every count of Plaintiffs' complaint and every argument raised by Plaintiffs in their Opposition. Upon reconsideration of the Summary Judgment Motion, with the benefit of both side's complete briefing, this Court finds that it still must enter summary judgment in favor of Defendant, for the reasons explained in its lengthy opinion.